JAMES PAYTON ET AL *v.* JEFFERSON STAGNER ET AL.

**Vendor's Lien—Prior to Widow's Claim as Devisee.**
> The unpaid purchase money on land is prior to a widow's interest in her husband's real estate as devisee.

**Same—Sale Free from Widow's Dower.**
> A court of equity may properly sell so much of a decedent's land as is necessary to pay the purchase money due, free from the widow's dower.

**Husband's Will—Renunciation by Wife—Dower.**
> The wife must renounce her husband's will before she can have dower assigned.

**Second Marriage—Effect on Dower.**
> A wife's dowerable interest in her husband's land ceases upon her second marriage.

APPEAL FROM GARRARD CIRCUIT COURT.

May 30, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

As to the outstanding unpaid purchase price of the land still owing by Drewry Strewsbury at his death the vendor's lien was superior to and had priority over any interest his widow could take under his will and, so far as she may have paid it, she would be entitled by subrogation to the creditors' lien, therefore, it was eminently proper for the court to sell so much of the land as was necessary to pay this free from any claim of the widow, because it would have been injurious to the heirs to have sold subject to her right to enjoy the land during widow-hood, as provided in the will, besides depriving the creditor of his prior lien, she released the estate from all liability to her for advance payments except certain designated vouchers, and it was for these that the judgment of sale was rendered.

The sale of all that portion of the land freed from her claim was therefore right.

But it is also insisted that the assignment of dower to her was void and should vitiate the sale of half the remainder interest of that portion encumbered with her dower and also the other portion.

There is nothing in the record to show that she ever renounced her deceased husband's will, and she says in her deposition she never did, and the fact that she undertook its execution as administratrix with the will annexed, raises a strong presumption that she accepted its provisions.

The assignment of dower to her in the thirty-seven acres of the 122½ acres tract may be regarded as the informal setting this much aside to her under the will, by way of freeing the remainder from the incumbrance of her interest under the will in favor of the vendor's lien, and especially as a small portion of the money to be raised was not lien claims and had to be raised by a sale of half the remainder interest in the thirty-seven acres so assigned her. She married the second husband subsequent to the sale under order of the court, and when her husband sold her dower interest to Gouch she says she disavowed having any such interest, when Gouch expressed an indifference as to her interest so she would

sign the papers. Two or more of the Strewsbury children were of full age when the judgment of sale was rendered and executed, and were parties to the suit, therefore, so far as the decretal sale is concerned all of the devisees being of a class would be barred from disturbing the judgment after three years.

But as to the remaining half of the land encumbered with the widow's dower which was sold, they are not barred and as her interest in it ceased upon her second marriage, the court properly adjudged a recovery in favor of the heirs, and for the reasons assigned, as properly rejected their claims to that portion sold by said judgment. Wherefore, the judgment is affirmed.

*Bradley, for appellant.*

*Hill & Alcorn, for appellee.*